No. 21-3465

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

TAMARA O'REILLY

Plaintiff-Appellant,

v.

DAUGHERTY SYSTEMS, INC.

Defendant-Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
THE HONORABLE STEPHEN R. CLARK
(4:18-cv-01283-SRC)

APPELLEE'S BRIEF

HESSE MARTONE, P.C.
Andrew J. Martone, #37382
Abigail B. Schwab, #61129
Willie T. McGarry, #68244
530 Maryville Centre Drive, Suite 250
St. Louis, MO 63141
(314) 862-0300 (telephone)
(314) 862-7010 (facsimile)

ATTORNEYS FOR APPELLEE
DAUGHERTY SYSTEMS, INC.

# SUMMARY OF CASE

Plaintiff-Appellant Tamara O'Reilly ("O'Reilly") brought suit against Defendant-Appellee Daugherty Systems, Inc. ("Daugherty") on behalf of herself and as a collective action, alleging that members of the purported collective class were victims of a single decision, policy or plan that resulted in female employees being paid less than their male counterparts in violation of the Equal Pay Act.

While the District Court granted an initial conditional collective class, Daugherty moved for decertification, and shortly thereafter, moved for summary judgment on both the members of the proposed collective class's claims, as well as O'Reilly's individual claim. The District Court granted Daugherty's motion to decertify the conditional collective class and rendered Daugherty's motion for summary judgment with regard to the members of the proposed collective class moot. With regard to O'Reilly's individual claim, the District Court properly granted summary judgment in favor of Daugherty, holding that O'Reilly failed to establish her prima facie case under the Equal Pay Act because she could only identify one male comparator who she asserted was paid more for equal work – the other nine (9) comparators she identified were admittedly paid less than O'Reilly or admittedly did not perform equal work. This appeal followed.

Twenty minutes of oral argument would be beneficial in order to clarify the principles of law at issue.

Appellate Case: 21-3465    Page: 2    Date Filed: 03/17/2022 Entry ID: 5137673

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rules of Appellate Procedure 26.1 and the Eighth Circuit Court of Appeals Local Rule 26.1A, the undersigned counsel for Daugherty Systems, Inc. hereby certifies that Daugherty Systems, Inc. is not a subsidiary of any other corporation and that no publicly held corporation owns ten percent (10%) or more of its stock.

Appellate Case: 21-3465    Page: 3    Date Filed: 03/17/2022 Entry ID: 5137673

# TABLE OF CONTENTS

SUMMARY OF CASE ...................................................................................... ii

CORPORATE DISCLOSURE STATEMENT ................................................ iii

TABLE OF CONTENTS ................................................................................ iv

TABLE OF AUTHORITIES ............................................................................ vi

STATEMENT OF ISSUE ................................................................................. 1

    *I. Whether the District Court Properly Granted Daugherty's Motion for Summary Judgment Because O'Reilly Failed to Establish a Prima Facie Case under the Equal Pay Act.* ........................................................................ 1

    *II. Whether the District Court's Order Granting Summary Judgment in Favor of Daugherty Should also be Affirmed because Daugherty Established its Affirmative Defense.* ........................................................................................ 1

STATEMENT OF THE CASE .......................................................................... 2

    A. Statement of Facts. ........................................................................... 2
    B. Procedural History. ........................................................................... 5

SUMMARY OF THE ARGUMENT .................................................................. 8

ARGUMENT ................................................................................................... 11

    *I. The District Court's Grant of Summary Judgment was Proper Because O'Reilly Failed to Establish a Prima Facie Case under the Equal Pay Act.....11*

    A. Standard of Review. ......................................................................... 11
    B. The District Court Properly Concluded That O'Reilly Failed to Establish her Prima Facie Case. ........................................................................... 11

    *II. The District Court's Order Granting Summary Judgment in Favor of Daugherty Should also be Affirmed because Daugherty Established its Affirmative Defense.* ...................................................................................... 25

    A. Standard of Review. ......................................................................... 25
    B. As a matter of uncontroverted fact, any alleged disparity in compensation between O'Reilly and Andrew Davis was based on factors other than sex. ...... 26

Appellate Case: 21-3465   Page: 4   Date Filed: 03/17/2022 Entry ID: 5137673

**CONCLUSION**............................................................................................**30**

Appellate Case: 21-3465     Page: 5     Date Filed: 03/17/2022 Entry ID: 5137673

# TABLE OF AUTHORITIES

## Cases

*Barsch v. Nueces Cty.,* 2016 WL 4785169 (S.D. Tex. Jan. 14, 2016) ...................27

*Brock v. Georgia Southwestern College*, 765 F.2d 1026 (11th Cir. 1985) ............22

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ........................................................11

*Corning Glass Works v. Brennan*, 417 U.S. 188 (1974) ............................. 1, 26, 29

*Dindinger v. Allsteel, Inc.*, 853 F.3d 414 (8th Cir. 2017)........................................20

*EEOC v. Delight Wholesale Co.*, 973 F.2d 664 (8th Cir. 1992).............................17

*Equal Employment Opportunity Commission v. White and Sons Enterprises*, 881
    F.2d 1006 (11th Cir. 1989) .................................................................................22

*Euerle-Wehle v. United Postal Service, Inc.*, 181 F.3d 898 (8th Cir. 1999) 1, 16, 17,
    18, 23, 24

*Evans v. Autozone Stores, Inc.*, 2008 WL 697752 (W.D. Ark. Mar. 13, 2008) .....18,
    23, 24

*Fowler v. Blue Bell, Inc.*, 737 F.2d 1007 (11th Cir. 1984)......................................26

*French v. Cent. Credit Servs.*, 2018 WL 2739922 (E.D. Mo. June 7, 2018), aff'd,
    759 F. App'x 566 (8th Cir. 2019)........................................................................12

*Garrard v. First Step, Inc.,* 2015 WL 2248217 (W.D. Ark. May 13, 2015)... 18, 23,
    24

*Glenn v. General Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988)...........................26

*Grabovac v. Allstate Ins. Co.*, 426 F.3d 951 (8th Cir. 2005)...................................18

*Griffith v. Winnebago Industries, Inc.*, 369 F.Supp.2d 1063 (N.D. Iowa 2005) .....20

*Heisler v. Nationwide Mutual Insurance Company*, 931 F.3d 786 (8th Cir. 2019) 21

*Hennick v. Schwans Sales Enterprises, Inc.*, 168 F. Supp. 2d 938 (N.D. Iowa 2001)
    .............................................................................. 16, 18, 19, 20, 23, 24

*Hinton v. Gates*, 2010 WL 4065270 (E.D. Mo. Oct. 18, 2010) .................. 1, 26, 29

*Hunt v. Nebraska Public Power Dist.*, 292 F.3d 1021 (8th Cir. 2002) ..................20

*Hutchins v. International Brotherhood of Teamsters*, 177 F.3d 1076 (8th Cir. 1999)
    ................................................................................. 1, 15, 16, 18, 19, 20, 23, 24

*Irby v. Bittick*, 44 F.3d 949 (11th Cir. 1995) .........................................................26

*Peniska v. CJ Foods, Inc.*, 2021 WL 24729 (W.D. Ark. January 4, 2021) 18, 23, 24

*PFS Distribution Co. v. Raduechel*, 574 F.3d 580 (8th Cir. 2009) ........................25

*Price v. N. States Power Co.,* 664 F.3d 1186 (8th Cir. 2011) .... 1, 12, 15, 18, 23, 24

*Ryan v. General Machine Products*, 277 F.Supp.2d 585 (E.D. Penn. 2003) ..........22

Appellate Case: 21-3465   Page: 6   Date Filed: 03/17/2022 Entry ID: 5137673

*Sauceda v. Univ. of Tex. at Brownsville*, 958 F. Supp. 2d 761 (S.D. Tex. 2013) ...27

*Schwartz v. Florida Bd. of Regents*, 954 F.2d 620 (11th Cir. 1991) .......................26

*Simpson v. Des Moines Water Works*, 425 F.3d 538 (8th Cir. 2005).....................11

*Sowell v. Alumina Ceramics*, 251 F.3d 678 (8th Cir. 2011)....... 1, 16, 17, 18, 23, 24

*Torgenson v. City of Rochester,* 643 F.3d 1031 (8th Cir. 2011) ............................11

*U.S. Equal Employment Opportunity Commission v. Maryland Insurance Administration*, 879 F.3d 114 (4th Cir. 2018) ......................................................22

*Warner Bros. Entertainment, Inc v. X One X Productions*, 644 F.3d 584 (8th Cir. 2011) ............................................................................................................ 1, 25

*Wierman v. Casey's General Stores,* 638 F.3d 984 (8th Cir. 2011) .................. 1, 25

<u>Statutes</u>

29 U.S.C. § 201 ..............................................................................................5

29 U.S.C. § 206(d) ................................................................................. 2, 11, 12

29 U.S.C. § 206(d)(1)..................................................................................12

<u>Other Authorities</u>

Wright, Miller & Kane, 10A Federal Practice & Procedure § 2716 (3d ed.)..........25

<u>Rules</u>

Eighth Circuit Court of Appeals Local Rule 26.1A .............................................. iii

Fed. R. Civ. P. 56(c)........................................................................................11

Federal Rules of Appellate Procedure 26.1 ......................................................... iii

Appellate Case: 21-3465    Page: 7    Date Filed: 03/17/2022 Entry ID: 5137673

## <u>STATEMENT OF ISSUE</u>

I.   **Whether the District Court Properly Granted Daugherty's Motion for Summary Judgment Because O'Reilly Failed to Establish a Prima Facie Case under the Equal Pay Act.**

- *Sowell v. Alumina Ceramics*, 251 F.3d 678, 684 (8th Cir. 2011)

- *Euerle-Wehle v. United Postal Service, Inc.*, 181 F.3d 898, 901 (8th Cir. 1999)

- *Price v. N. States Power Co.,* 664 F.3d 1186, 1191 (8th Cir. 2011)

- *Hutchins v. International Brotherhood of Teamsters*, 177 F.3d 1076, 1081-81 (8th Cir. 1999)

II.  **Whether the District Court's Order Granting Summary Judgment in Favor of Daugherty Should also be Affirmed because Daugherty Established its Affirmative Defense.**

- *Warner Bros. Entertainment, Inc v. X One X Productions*, 644 F.3d 584 (8th Cir. 2011)

- *Wierman v. Casey's General Stores,* 638 F.3d 984, 1002-1003 (8th Cir. 2011)

- *Corning Glass Works v. Brennan*, 417 U.S. 188 (1974)

- *Hinton v. Gates*, 2010 WL 4065270, at *4 (E.D. Mo. Oct. 18, 2010)

1

## STATEMENT OF THE CASE

### A.    Statement of Facts.

Plaintiff-Appellant Tamara O'Reilly ("O'Reilly") filed a lawsuit on behalf of herself and on behalf of a purported collective class of current and former female employees of Daugherty Systems, Inc. ("Daugherty").   O'Reilly alleged that Daugherty discriminated against her (and members of the purported collective) in violation of the Fair Labor Standards Act of 1938, as amended by the Equal Pay Act of 1963, 29 U.S.C. § 206(d) by paying female employees less than their similarly situated male employees.  In support of her claim, O'Reilly alleged that there were ten (10) male comparators who were paid more for performing the same or similar duties -- William (Bill) Theroux, Drew Davis, Shawn Waldrop, Thomas Emmons, Juan Burriel, Bill Chapin, Kevin Herweck, Jim Drewes, Steve Ambrosius and Tim Craig ("the ten comparators").  (App. 0580; R. Doc. 115-44 at 2).

### 1. O'Reilly's Tenure in the Program Manager Delivery Role.

O'Reilly was hired by Daugherty on March 31, 2014 in the title/role of Senior Manager, Program Manager, with an annual base salary of $135,000.11.   (App. 0797; R. Doc. 115-50 at 49); (App. 0891; R. Doc. 115-51 at 1); (App. 1733, App. 2466; R. Doc. 123-7 at 29); (App. 1775, App. 2509; R. Doc. 123-8 at 1).  In April 2015, O'Reilly's annual base salary was increased to $137,500.06.  (App. 1733, App. 2466; R. Doc. 123-7 at 29); (App. 1775, App. 2509; R. Doc. 123-8 at 1).

2

On April 25, 2016, O'Reilly was promoted to the title/role of Principal, Program Manager and her annual base salary was again increased, this time to $142,499.97. (App. 0797; R. Doc. 115-50 at 49); (App. 0891; R. Doc. 115-51 at 1); (App. 1733, App. 2466; R. Doc. 123-7 at 29); (App. 1775, App. 2509; R. Doc. 123-8 at 1).

On June 20, 2016, O'Reilly was promoted again to the role of Senior Principal, Program Manager and her annual base salary was increased to $175,000.18. (App. 0797; R. Doc. 115-50 at 49); (App. 0891; R. Doc. 115-51 at 1); (App. 1733, App. 2466; R. Doc. 123-7 at 29); (App. 1775, App. 2509; R. Doc. 123-8 at 1).

During her tenure as Program Manager, O'Reilly's alleged male comparators Benjamin Hanks ("Hanks"), Drew Marco ("Marco"), Juan Burriel ("Burriel"), William (Bill) Chapin ("Chapin"), Jim Drewes ("Drewes") and Timothy Craig ("Craig") had annual base salaries that were anywhere from $2,500 to $60,000 **less** than O'Reilly's annual base salary during the same time period. (App. 1732, App. 2465; R. Doc. 123-7 at 28); (App. 1710, App. 2443; R. Doc. 123-7 at 6); (App. 1714, App. 2447; R. Doc. 123-7 at 10); (App. 1722, App. 2455; R. Doc. 123-7 at 18); (App. 1730, App. 2463; R. Doc. 123-7 at 26); (App. 1775, App. 2509; R. Doc. 123-8 at 1); (App. 1778 - App. 1779, App. 2512 – App. 2513; R. Doc. 123-9 at 1, 2).

Of the ten (10) comparators O'Reilly originally identified, the only alleged comparator at issue is Andrew Davis. (App. 113; R. Doc. 126 at 9); (App. 127; R. Doc. 126 at 23); (App. 128; R. Doc. 126 at 24).

## 2. O'Reilly's Tenure as Director, Client Partner.

On January 2, 2017, O'Reilly was promoted to Director, Client Partner and her annual base salary was increased to $200,000.11. (App. 0797; R. Doc. 115-49 at 50); (App. 0891; R. Doc. 115-51 at 1); (App. 1733, App. 2466; R. Doc. 123-7 at 29); (App. 1775, App. 2509; R. Doc. 123-8 at 1). At this time, O'Reilly had no prior experience as a Client Partner and did not have a particularly strong depth in a domain of data and analytics, master data management and data warehousing. (App. 0916 – App. 0917; R. Doc. 115-53 at 7-8); (App. 0930; R. Doc. 115-54 at 3).

On May 8, 2017, O'Reilly's sole alleged comparator at issue in this case, Andrew Davis ("Davis"), was hired as Director, Client Partner with an annual base salary of $275,000 (App. 0841; R. Doc. 115-50 at 93); (App. 0896; R. Doc. 115-52 at 1); (App. 1755, App. 2488; R. Doc. 123-7 at 51); (App. 1778, App. 2512; R. Doc. 123-9 at 1). Unlike O'Reilly, Davis brought a considerable amount of experience from his past work at Ernst & Young and IBM. (App. 0916 – App. 0917; R. Doc. 115-53 at 7-8). In addition, and again in contrast to O'Reilly, Daugherty believed that Davis had a particularly strong depth in data and analytics, master data

4

management and data warehousing.  (App. 0916 – App. 0917; R. Doc. 115-53 at 7-8); (App. 0930; R. Doc. 115-54 at 3).

In comparing O'Reilly and Davis, the Interim Managing Director of Daugherty's St. Louis branch, John Wirth, analogized O'Reilly to an entry-level attorney who Daugherty wanted to help develop, while Davis was considered to be the equivalent of a senior, experienced attorney.  (App. 0918; R. Doc. 115-53 at 9).

**B.    Procedural History.**

O'Reilly filed her Complaint on August 3, 2018, on behalf of herself and all current and former female consultants and sales employees employed by Daugherty, alleging that members of the proposed collective were victims of a single decision, policy or plan that resulted in female employees being paid less than their male comparators in violation of the Fair Labor Standards Act's ("FLSA") Equal Pay Act ("EPA"), 29 U.S.C. § 201 *et seq.* (App. 19 – App. 34; R. Doc. 1 at 1-16). Daugherty filed its Answer and Affirmative Defenses on October 2, 2018.  (App. 0175 – App. 0181; R. Doc. 7).

On January 6, 2020, O'Reilly filed a Motion for Conditional Collective Certification on behalf of herself and all others similarly situated, which was granted.  (App. 138; R. Doc. 140 at 1). Ultimately, the conditional collective class was comprised of twenty (20) opt-in plaintiffs and O'Reilly.  (App. 139; R. Doc. 140 at 2).

On February 2, 2021, Daugherty moved to decertify the conditional collective class because discovery confirmed that plaintiffs were not subject to a single, company-wide policy regarding compensation, that the proposed collective violated the Equal Pay Act's "single establishment limitation" and because the members of the proposed collective were not similarly situated due to the highly disparate and factual employment settings relating to each individual plaintiff. (App. 2524 – App. 2526; R. Doc. 97 at 1-3).

On March 15, 2021, Daugherty moved for summary judgment on all opt-in plaintiffs' claims (including O'Reilly's) based on the fact that majority of the plaintiffs were unable to establish a prima facie case under the EPA either because they were paid more than their alleged comparators or because they were not performing equal work to their alleged comparators. (App. 44 – App. 96; R. Doc. 114 at 1-53). Daugherty's Motion also argued that even if a plaintiff were able to establish that she was performing equal work to one of her comparators, the undisputed record demonstrated that any disparities in compensation were based on legitimate factors other than sex. (App. 44 – App. 96; R. Doc. 114 at 1-53).

On September 30, 2021, the District Court granted both Daugherty's motion to decertify the conditional class (resulting in the dismissal of the opt-in plaintiffs) and Daugherty's Motion for Summary Judgment on O'Reilly's individual claim under the EPA, and entered judgment in favor of Daugherty. (App. 161; R. Doc.

140 at 24); (App. 174; R. Doc. 141 at 13).   In granting Daugherty's Motion for Summary Judgment, the District Court held that O'Reilly failed to establish her prima facie case for discrimination under the EPA because O'Reilly identified only one male comparator that Daugherty paid more than her while the nine (9) other male comparators she identified were paid less or did not perform similar work. (App. 170, App. 173; R. Doc. 141 at 9, 13).

## SUMMARY OF THE ARGUMENT

O'Reilly's Equal Pay Act wage discrimination claim is premised on her comparison of seven (7) individuals, including O'Reilly and six (6) male comparators, who allegedly performed the same or substantially similar work, with the male employees allegedly being paid more than O'Reilly. Out of the seven (7) people identified, O'Reilly was the second highest paid person. If gender had been a determining factor in O'Reilly's compensation, then O'Reilly would not have been paid higher than six (6) of her alleged male comparators. If this is sufficient to state a prima facie case under the Equal Pay Act -- where the evidence so clearly demonstrates that sex was not a factor in the employer's compensation decisions -- then going forward, Courts will be involved in every single salary decision where the gender of the employees is different.

This is especially true where there are objective differences between O'Reilly and Davis, and O'Reilly cannot, and does not, dispute those differences; rather, O'Reilly argues that Daugherty should have considered different objective factors when making compensation decisions. If this is enough to defeat an employer's affirmative defense that gender was not a factor in its compensation decisions – where a plaintiff concedes that an employer considered objective when making its compensation decisions (just the wrong objective factors), then the Courts will be involved in every salary decision involving people of different genders.

8

O'Reilly appears to argue that it would be a slippery slope for this Court to affirm the District Court's finding that O'Reilly did not establish a prima facie case because she was paid the same or more than some of her male comparators because she was able to identify one male comparator who was paid more for performing the same or substantially similar – that if this Court were to do so, it would leave female employees with an almost insurmountable hurdle that does not permit them to make out a case of wage discrimination so long as a single male made the same as or less than the female worker.  This is not what the District Court held (or what Eighth Circuit's precedent has held) and such a scenario is the opposite of what the evidence so clearly demonstrates in this case.

The real slippery slope is if O'Reilly is permitted to rely on the undisputed fact that she was the second highest paid out of the seven (7) total individuals she argued performed the same or substantially similar work, or if O'Reilly is able to defeat Daugherty's affirmative defense by arguing that Daugherty should have considered objective factors other than the objective factors it did consider when making its compensation decisions.  In that scenario, Courts will be put in the position of second-guessing every compensation decision made by an employer even where the evidence clearly demonstrates that compensation decisions were based on objective factors and that gender was not a factor.  This is not what the Equal Pay

Act intended and the District Court's grant of summary judgment in favor of Daugherty should be affirmed.

Appellate Case: 21-3465   Page: 17   Date Filed: 03/17/2022 Entry ID: 5137673

# ARGUMENT

I. **The District Court's Grant of Summary Judgment was Proper Because O'Reilly Failed to Establish a Prima Facie Case under the Equal Pay Act.**

A. **Standard of Review.**

This Court reviews the grant of summary judgment *de novo*, viewing the facts in the light most favorable to the non-moving party. *Torgenson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011). In doing so, the Court applies the same standard as the district court and may affirm on any grounds supported by the record. *Simpson v. Des Moines Water Works*, 425 F.3d 538, 541 (8th Cir. 2005) (citations omitted).

Summary judgment is appropriate where the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The non-moving party is then required "to go beyond the pleadings" and present competent evidence "showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

B. **The District Court Properly Concluded That O'Reilly Failed to Establish her Prima Facie Case.**

The EPA prohibits pay discrimination on the basis of sex. 29 U.S.C. § 206(d). To establish a prima facie case under the EPA, a plaintiff must show that her employer pays different wages to employees of opposite sexes for equal work on

11

jobs … [requiring] equal skill, effort, and responsibility, and which are performed under similar working conditions. 29 U.S.C. § 206(d)(1); *French v. Cent. Credit Servs.*, 2018 WL 2739922, at *3 (E.D. Mo. June 7, 2018), <u>aff'd,</u> 759 F. App'x 566 (8th Cir. 2019), citing *Price v. N. States Power Co.,* 664 F.3d 1186, 1191 (8th Cir. 2011) (citation omitted).

If a plaintiff establishes a prima facie case, the burden then shifts to the defendant to prove one of four statutory affirmative defenses. *Id.* (citation omitted). The affirmative defenses require an employer to demonstrate that the wage disparity is explained by: (1) a seniority system; (2) a merit system; (3) a system which measures earnings by quantity or quality of production; or (4) a differential based on any other factor other than sex. *Id.* (quoting 29 U.S.C. § 206(d)(1)).

O'Reilly originally alleged that she was paid less than the ten (10) comparators for performing the same or similar duties they performed. (App. 0581; R. Doc. 115-44 at 3). However, in response to Daugherty's Motion for Summary Judgment, O'Reilly could not respond to the undisputed evidence in the record which established that O'Reilly was in fact paid <u>more</u> than five (5) of the ten comparators and could not refute the undisputed evidence in the record that four (4) of the remaining five (5) comparators were not individuals performing equal work to O'Reilly as required by the EPA. (App. 170; R. Doc. 141 at 9); (App. 113; R. Doc. 126 at 9) (App. 127; R. Doc. 126 at 23); (App. 128; R. Doc. 126 at 24); (App.

1263; R. Doc. 125 at 19); (App. 1282 - App. 1283; R. Doc. 125 at 38-39); (App. 1333 – App. 1336; R. Doc. 125 at 89-92); (App. 1278 – App. 1281; R. Doc. 125 at 34-37); (App. 1245 - App. 1247; R. Doc. 125 at 1-3); (App. 1344; R. Doc. 125 at 100); (App. 1553 – App. 1554; R. Doc. 128 at 2-3); (App. 1606; R. Doc. 128 at 55). In fact, O'Reilly admitted that all but one of her alleged male comparators were paid less and/or were not performing substantially similar work to the work she was performing. (App. 170; R. Doc. 141 at 9); (App. 113; R. Doc. 126 at 9); (App. 1263; R. Doc. 125 at 19); (App. 1282 - App. 1283; R. Doc. 125 at 38-39); (App. 1333 – App. 1336; R. Doc. 125 at 89-92); (App. 1278 – App. 1281; R. Doc. 125 at 34-37); (App. 1245 - App. 1247; R. Doc. 125 at 1-3); (App. 1344; R. Doc. 125 at 100); (App. 1553 – App. 1554; R. Doc. 128 at 2-3); (App. 1606; R. Doc. 128 at 55). Thus, out of the original ten comparators O'Reilly originally listed in an attempt to set forth a prima facie case, only one remained – Andrew Davis ("Davis").

Despite conceding that nine (9) of her original ten (10) comparators were invalid, O'Reilly nevertheless argues that she can still establish her prima facie case because she was paid less than one (1) of the ten (10) alleged male comparators she explicitly identified as individuals being paid more for performing substantially similar work. (App. 113; R. Doc. 126 at 9). The District Court disagreed and held that a prima facie case under the EPA cannot be established where only one (1) of the ten (10) alleged comparators O'Reilly identified was paid more for performing

13

allegedly substantially similar work.  (App. 170; R. Doc. 141 at 9); (Add. 12; R. Doc. 141 at 12).

On appeal, O'Reilly argues that the District Court misinterpreted the EPA. O'Reilly is wrong and the District Court applied the proper standard and correctly concluded that O'Reilly failed to establish her prima facie case as required by the EPA.

### 1. The District Court Did Not Fail to Consider the Uncontradicted Material Facts Presented by O'Reilly in Granting Summary Judgment in Favor of Daugherty.

As an initial point, O'Reilly appears to argue that the District Court erroneously held that she had not identified a male comparator that would make out her prima facie case and improperly ignored the uncontroverted fact that Davis was paid more than O'Reilly.  This argument is a blatant mischaracterization of the District Court's Order.  The District Court <u>did</u> consider the fact that O'Reilly was paid less than Davis -- one of her alleged comparators – in fact, it did so explicitly. (App. 165; R. Doc. 141 at 4); (App. 170; R. Doc. 141 at 9); (Add. 12; R. Doc. 141 at 12).

Following the well-established Eighth Circuit precedent, the District Court considered O'Reilly's evidence concerning Davis and because O'Reilly admitted that nine (9) of the ten (10) alleged comparators she identified were either paid less or did not perform equal work, the existence of one alleged comparator who was

14

paid more than O'Reilly out of the ten (10) comparators asserted in her lawsuit was insufficient to establish her prima facie case as a matter of law. (App. 170; R. Doc. 141 at 9); (Add. 12; R. Doc. 141 at 12). The District Court did not ignore the uncontradicted material fact presented by O'Reilly regarding Davis; to the contrary, the District Court considered O'Reilly's uncontroverted evidence concerning Davis, but found that this evidence alone was insufficient to establish her prima facie case in the face of the fact that the other nine (9) male comparators she identified were either paid less than O'Reilly or were not truly comparable. (App. 170; R. Doc. 141 at 9); (Add. 12; R. Doc. 141 at 12). The District Court's holding was not in error.

### 2. The District Court Applied the Proper Standard when Considering Whether O'Reilly Established her Prima Facie Case.

The EPA requires a plaintiff to establish a prima facie case by demonstrating that "women were paid less than men . . . ." *Price*, 664 F.3d at 1191 (citing *Hutchins v. International Brotherhood of Teamsters*, 177 F.3d 1076, 1081-81 (8th Cir. 1999)); *see also* (App. 163; R. Doc. 141 at 2). As the District Court explained, O'Reilly was required to "identify male Daugherty employee**s** performing equal work that were paid more than she." (App. 163; R. Doc. 141 at 2) (emphasis added). The term "employees" is plural, not singular. O'Reilly's assertion to the contrary notwithstanding, this requirement cannot be met by identifying a <u>single</u> male

comparator who was paid more than she, in light of the fact that her remaining male comparators were paid less and/or did not perform substantially similar work.

The District Court properly applied the Eighth Circuit's well-established precedent when it held that a single male comparator who was paid more than the plaintiff is insufficient to establish a prima facie case under the EPA in a case where the plaintiff was also paid the same or more than her other alleged comparators. *Sowell v. Alumina Ceramics*, 251 F.3d 678, 684 (8th Cir. 2011); *Euerle-Wehle v. United Postal Service, Inc.*, 181 F.3d 898, 901 (8th Cir. 1999). O'Reilly's reliance on *Hutchins*, 177 F.3d 1076 and *Hennick v. Schwans Sales Enterprises, Inc.*, 168 F. Supp. 2d 938, 1004-04 (N.D. Iowa 2001) is misplaced because those cases do not support her assertion that a single male comparator is sufficient to establish a prima facie case under the EPA.

The same is true about the case law from other jurisdictions that O'Reilly argues is a better approach (that should be adopted by this Court) – none of those cases stand for the proposition that a single comparator is sufficient to establish a prima facie case under the EPA where a plaintiff made the same or more than her other male comparators.

Appellate Case: 21-3465    Page: 23    Date Filed: 03/17/2022 Entry ID: 5137673

a. **The Eighth Circuit and its District Courts have consistently held that a single male comparator is insufficient to establish a prima facie case where other male comparators were paid the same or less.**

In holding that O'Reilly failed to establish her prima facie case, the District Court properly relied on the line of precedent stemming from *Sowell v. Alumina Ceramics*, 251 F.3d 678, 684 (8th Cir. 2011) and *Euerle-Wehle v. United Postal Service, Inc.*, 181 F.3d 898, 901 (8th Cir. 1999), which have consistently held that a single male comparator is insufficient to establish a prima face case under the EPA where the plaintiff is paid the same or more than other male comparators as a matter of law.

In *Sowell*, the Eighth Circuit held that the plaintiff failed to establish her prima facie case for wage discrimination[1] because the evidence in the record established that throughout her employment, the plaintiff was paid the same as, or more than, at least some male tool makers in the tool room. 251 F.3d at 684. Similarly, in *Euerle-Wehle*, the Eighth Circuit also found that the plaintiff had failed to establish a prima facie case where the evidence in the record established that the plaintiff was paid a higher salary than sixteen (16) of the thirty-four (34) male package-center managers, and her replacement. 181 F.3d at 901.

---

[1] While the plaintiff in *Sowell* brought a wage discrimination claim under Title VII of the Civil Rights Act, the same standard applies to EPA and Title VII wage discrimination claims. 251 F.3d at 684, citing *EEOC v. Delight Wholesale Co.*, 973 F.2d 664, 669 (8th Cir. 1992).

Appellate Case: 21-3465    Page: 24    Date Filed: 03/17/2022 Entry ID: 5137673

After *Sowell* and *Euerle-Wehle*, the Eighth Circuit and its District Courts have routinely followed *Sowell* and *Euerle-Wehle* and continue to cite *Sowell* favorably. (App. 172; R. Doc. 141 at 11); *see also Grabovac v. Allstate Ins. Co.*, 426 F.3d 951, 956 (8th Cir. 2005) (affirming lower court's finding that the plaintiff failed to establish a prima facie case where she had the second highest salary and bonus in comparison to her four (4) alleged comparators); *see also Price v. Northern States Power Co.*, 664 F.3d 1186, 1193 (8th Cir. 2011) (citing to *Sowell* as an example of a plaintiff failing to establish a prima facie case); *Evans v. Autozone Stores, Inc.*, 2008 WL 697752 at *10 (W.D. Ark. Mar. 13, 2008) (finding that the plaintiff failed to establish her prima facie case because she was paid more than three (3) of her four (4) alleged male comparators); *Garrard v. First Step, Inc.,* 2015 WL 2248217, at *2 (W.D. Ark. May 13, 2015) (plaintiff failed to establish her prima facie case because she was paid the same or more than twenty-eight (28) of her alleged fifty-five (55) male comparators); and *Peniska v. CJ Foods, Inc.*, 2021 WL 24729, at *3 (W.D. Ark. January 4, 2021) (plaintiff could not establish a prima facie case under the EPA where she was paid more than some of her alleged male comparators).

> **b.  Neither *Hutchins* nor *Hennick* stand for the proposition that a single male comparator is sufficient to establish a prima facie case where other male comparators were paid the same or less.**

In arguing that *Sowell, Euerle-Wehle*, and their progeny do not accurately reflect the law and should not be followed, O'Reilly erroneously relies upon

*Hutchins,* 177 F.3d 1076 and *Hennick*, 168 F. Supp. 2d 938. However, O'Reilly is wrong -- neither *Hutchins* nor *Hennick* held that a single male comparator is sufficient as a matter of law to establish a prima facie case where the other male comparators were paid the same or less.

In *Hutchins*, the Eighth Circuit held that the plaintiff had established her prima facie case because plaintiff could show that "at least some males made more" for "equal work" even if she was paid the same as other male comparators. 117 F.3d at 1081 (emphasis added). Again in *Hutchins*, "males" is plural because it refers to more than one male comparator. *Id.* Similarly, in *Hennick*, the District Court found that the plaintiff could establish her prima facie case because the uncontroverted evidence in the record established that, throughout her employment, at least some males were paid more, despite the fact that she was "paid the same as, or more than, 'at least some male' comparators." 168 F.Supp.2d at 951 (emphasis added). Again, "males" is plural because it refers to more than one male comparator. *Id.*

Contrary to O'Reilly's assertion, neither *Hutchins* nor *Hennick* stand for the proposition that a single male comparator making more than a plaintiff is sufficient to establish a prima facie case where all other male comparators were paid less than the plaintiff (or were not individuals performing substantially similar work). 117 F.3d at 1081 (emphasis added); 168 F.Supp.2d at 951 (emphasis added). Plural terms ("some males") and singular terms ("one male") are not the same thing, and

19

O'Reilly's assertion that "some" has been interpreted to be synonymous with "one" is simply false.[2]

While courts in the Eighth Circuit have consistently held that a plaintiff may establish her prima facie case by showing at least <u>some males</u> made more for equal work, Courts in the Eighth Circuit have <u>never</u> held that "some" equates to "one," especially where the record shows that the plaintiff made the same or more than her other alleged comparators. *See Griffith v. Winnebago Industries, Inc.*, 369 F.Supp.2d 1063, 1070 (N.D. Iowa 2005) (while plaintiff was paid more than two (2) alleged male comparators, she nonetheless established her prima facie case under the EPA where some males, seven (7) to be exact, made more for equal work); *see also Dindinger v. Allsteel, Inc.*, 853 F.3d 414 (8th Cir. 2017) (a single male comparator was sufficient to establish a prima facie case because there was no evidence in the record that the plaintiff was paid the same or more than any other alleged male comparator); *Hunt v. Nebraska Public Power Dist.*, 292 F.3d 1021, 1029-1030 (8th Cir. 2002) (single male comparator only sufficient to establish prima

---

[2] In *Hutchins*, the plaintiff was able to establish her prima facie case because she demonstrated that "at least some" of her male comparators were paid more; some being <u>twelve (12) out of the twenty (20) male comparators identified</u>. 117 F.3d at 1081 (emphasis added). In *Hennick*, the plaintiff was able to establish her prima facie case because "at least some" of her male comparators were paid more, with "some" being <u>three (3) of her male comparators</u>. 168 F.Supp.2d at 951 (emphasis added).

Appellate Case: 21-3465    Page: 27    Date Filed: 03/17/2022 Entry ID: 5137673

facie case where there is no evidence that the plaintiff was paid the same or more than any other alleged comparators); and *Heisler v. Nationwide Mutual Insurance Company*, 931 F.3d 786 (8th Cir. 2019) (single male comparator sufficient to establish prima facie case only where no evidence that plaintiff was paid the same or more than any other alleged comparators).[3]

In other words, a single male comparator paid more than an EPA plaintiff can only be used to establish a prima facie case if there are no other male comparators who were paid the same or less than plaintiff. *Id.*

        **c.**    **O'Reilly's assertion that the current Eighth Circuit's interpretation of the EPA should be rejected in favor of the approach followed by other jurisdictions should be rejected.**

O'Reilly also argues that the approach allegedly followed by other jurisdictions (i.e., the Eleventh Circuit, the Fourth Circuit, the District Court for Kansas and the District Court for the Eastern District of Pennsylvania) would permit O'Reilly to establish a prima facie case under these facts and should be adopted by this Court.

O'Reilly's suggested changes to the Eighth Circuit law should be rejected because the cases that O'Reilly urges this Court to adopt and follow are wholly

---

[3] As further evidence of this, O'Reilly has been unable to identify a single case from this Circuit or its District Courts in which a plaintiff established her prima facie case by identifying a single male comparator who was paid more despite the fact that all other male comparators were paid the same or less than the plaintiff.

Appellate Case: 21-3465    Page: 28    Date Filed: 03/17/2022  Entry ID: 5137673

distinguishable from the present case and do not stand for the proposition that a plaintiff may establish her prima facie case by identifying a single male comparator who was paid more despite the fact that all other male comparators were paid the same or less than the plaintiff. *See Ryan v. General Machine Products*, 277 F.Supp.2d 585 (E.D. Penn. 2003) (plaintiff established her prima facie case where the evidence established that seven (7) male comparators who were paid more and no evidence that plaintiff was paid more than any of her alleged comparators); *Equal Employment Opportunity Commission v. White and Sons Enterprises*, 881 F.2d 1006, 1008-109 (11th Cir. 1989) (plaintiffs established their prima facie case where the evidence showed that they were paid less than multiple male comparators); *Brock v. Georgia Southwestern College*, 765 F.2d 1026, 1033, n.4 (11th Cir. 1985) (plaintiffs who were paid less than one or more male comparators were able to establish their prima facie case only where there was no evidence in the record that the plaintiffs were paid more than any of the alleged comparators); and *U.S. Equal Employment Opportunity Commission v. Maryland Insurance Administration*, 879 F.3d 114, 121-122 (4th Cir. 2018) (plaintiff able to establish her prima facie case by comparing her salary to one male employee only where there is no evidence in the record that plaintiff was paid the same or more than any alleged comparators);

The District Court applied the proper legal analysis in considering whether O'Reilly established her prima facie case under the EPA and properly held that the

22

existence of a single male comparator who was paid more than O'Reilly is insufficient to establish a prima facie case where the record proves that the plaintiff was paid the same or more than at least some of her other alleged male comparators. *Sowell,* 251 F.3d at 684; *Euerle-Wehle*, 181 F.3d at 901; *Hutchins*, 177 F.2d at 1080-1081; *Price*, 664 F.3d at 1191; *Evans*, 2008 WL 697752 at *10; *Garrard*, 2015 WL 2248217 at *2; and *Peniska*, 2021 WL 24729 at *3.

The District Court did not err in granting Daugherty's Motion for Summary Judgment.

### 3. The District Court Properly Concluded that O'Reilly Failed to Establish her Prima Facie Case.

Not only did the District Court apply the proper legal analysis when considering whether O'Reilly established her prima facie case, but even if this Court were to apply the *Hutchins* and *Hennick* rationale identified by O'Reilly, this would not have saved O'Reilly's claim and would not have allowed the District Court to find that O'Reilly established a prima facie case under the EPA.

In this case, O'Reilly admitted that alleged comparators Hanks, Marco, Burriel, Chapin and Drewes were paid less than she was for performing equal work. (App. 1263; R. Doc. 125 at 19); (App. 1282; R. Doc. 125 at 28); (App. 1333 – App. 1336; R. Doc. 125 at 89-92). In addition, O'Reilly admitted that alleged comparators Theroux, Emmons, Waldrop, Marco, and Ambrosius were not individuals performing similar work. (App. 1278 – App. 1281; R. Doc. 125 at 34-37); (App.

23

1245 - App. 1247; R. Doc. 125 at 1-3); (App. 1283; R. Doc. 125 at 39); (App. 1344; R. Doc. 125 at 100); (App. 1553 – App. 1554; R. Doc. 128 at 2-3); (App. 1606; R. Doc. 128 at 55). The uncontroverted evidence presented to the District Court established that only a single male comparator was paid more than O'Reilly, while all nine (9) of the other male comparators were admittedly either paid less than O'Reilly and/or were not individuals performing equal work to O'Reilly. (App. 1263; R. Doc. 125 at 19); (App. 1282 - App. 1283; R. Doc. 125 at 38-39); (App. 1333 – App. 1336; R. Doc. 125 at 89-92); (App. 1278 – App. 1281; R. Doc. 125 at 34-37); (App. 1245 - App. 1247; R. Doc. 125 at 1-3); (App. 1344; R. Doc. 125 at 100); (App. 1553 – App. 1554; R. Doc. 128 at 2-3); (App. 1606; R. Doc. 128 at 55).

Under *Sowell, Eurele-Wehle* (and even *Hutchins* and *Hennick*), the District Court properly concluded that O'Reilly failed to establish her prima facie case under the EPA as a matter of law because O'Reilly's single male comparator who was paid more is insufficient to overcome the fact that the remaining nine (9) male comparators were indisputably paid the same or less than O'Reilly and/or were not individuals performing substantially similar work. *Sowell,* 251 F.3d at 684; *Euerle-Wehle*, 181 F.3d at 901; *Hutchins*, 177 F.2d at 1080-1081; *Price*, 664 F.3d at 1191; *Evans*, 2008 WL 697752 at *10; *Garrard*, 2015 WL 2248217 at *2; and *Peniska*, 2021 WL 24729 at *3.

The District Court's Order granting summary judgment in favor of Daugherty should be affirmed.

## II. The District Court's Order Granting Summary Judgment in Favor of Daugherty Should also be Affirmed because Daugherty Established its Affirmative Defense.

### A. Standard of Review.

This Court may affirm the judgment of the District Court "on any basis disclosed in the record, whether or not the district court agreed with or even addressed that ground." *Warner Bros. Entertainment, Inc. v. X One X Productions*, 644 F.3d 584 (8th Cir. 2011) (quoting *PFS Distribution Co. v. Raduechel*, 574 F.3d 580, 591 (8th Cir. 2009)). "The appellate court does not have to affirm a decision on a Rule 56 motion for the same reasons that persuaded the court below to grant the motion. On the contrary, it can find another ground for concluding that the movant is entitled to judgment as a matter of law and ignore any erroneous basis that the district court may have employed." *Wierman v. Casey's General Stores,* 638 F.3d 984, 1002-1003 (8th Cir. 2011) (quoting Wright, Miller & Kane, 10A Federal Practice & Procedure § 2716 (3d ed.).

Here, the District Court's decision to grant summary judgment in favor of Daugherty should also be upheld because Daugherty established the affirmative defense that there were "factors other than <u>sex</u>" that O'Reilly was paid less than Davis.

Appellate Case: 21-3465     Page: 32     Date Filed: 03/17/2022 Entry ID: 5137673

**B. As a matter of uncontroverted fact, any alleged disparity in compensation between O'Reilly and Davis was based on factors other than sex.**

The undisputed record establishes that any alleged pay disparity between O'Reilly and Davis was based on factors other than sex.

The "factors other than sex defense" is a broad catch-all exception that encompasses almost a limitless number of gender-neutral factors. *Corning Glass Works v. Brennan*, 417 U.S. 188 (1974). This defense is meant to prevent courts from substituting their judgment for the employer's judgment with regards to employee compensation. *Id.* In that regard, a differential that is based on education or experience would be a "factor[] other than sex" recognized by the EPA as defeating a plaintiff's claim. *Hinton v. Gates*, 2010 WL 4065270, at *4 (E.D. Mo. Oct. 18, 2010). "[F]actors other than sex" include "unique characteristics of the same job . . . an individual's experience, training or ability; or . . . special exigent circumstances connected with the business." *Irby v. Bittick*, 44 F.3d 949 (11th Cir. 1995), quoting *Glenn v. General Motors Corp.*, 841 F.2d 1567, 1571 (11th Cir. 1988).

Subjective business justifications are clearly legitimate factors to be considered as long as they are not so overly subjective so as to render them incapable of being rebutted. *Schwartz v. Florida Bd. of Regents*, 954 F.2d 620, 623-24 (11th Cir. 1991); *see also Fowler v. Blue Bell, Inc.*, 737 F.2d 1007, 1011 (11th Cir. 1984). Similarly, an employer may base a salary differential on a factor other than sex,

including: (1) different job levels; (2) different skill levels; (3) previous training; (4) experience; and (5) prior salary history, performance, and other factors. *Barsch v. Nueces Cty.,* 2016 WL 4785169, at *7 (S.D. Tex. Jan. 14, 2016) (quoting *Sauceda v. Univ. of Tex. at Brownsville*, 958 F. Supp. 2d 761, 776 (S.D. Tex. 2013) (internal citations omitted).

> ### 1. Any disparity in compensation between O'Reilly and Davis was based on Daugherty's evaluation of Davis' superior experience, work history and skill set.

The undisputed evidence presented to the District Court demonstrates that any alleged disparity in compensation between O'Reilly and Davis was based on Daugherty's evaluation of Davis' superior experience, work history and skill set.

Unlike O'Reilly, where he was hired, Davis brought in a considerable amount of experience from his past work at Ernst & Young and IBM and he was substantially more experienced than O'Reilly. (App. 0916 – App. 0917; R. Doc. 115-53 at 7-8). Daugherty believed that Davis had a particular strong depth in the domain of data and analytics, master data management and data warehousing. (App. 0916 – App. 0917; R. Doc. 115-53 at 7-8). In contrast, O'Reilly was promoted from within into the role of Client Partner, and had no prior experience as a Client Partner. (App. 0916 – App. 0917; R. Doc. 115-53 at 7-8). Based on Daugherty's evaluation, O'Reilly did not have the same strong depth in a domain of data and analytics, master

data management, and/or data warehousing that Davis possessed. (App. 930; R. Doc. 115-54 at 3).

Not only did Daugherty's uncontroverted evidence establish that Davis had more experience than O'Reilly, O'Reilly also conceded these facts by admitting that she had no prior experience as a Client Partner. (App. 127 – App. 128; R. Doc. 126 at 23-24); (App. 1554; R. Doc. 128 at 3). In response to Daugherty's Motion for Summary Judgment, O'Reilly could not cite to any competent evidence in the record to refute the fact that Davis possessed considerably more experience as a Client Partner and/or that he had more depth in a domain of data and analytics, master data management and data warehousing than O'Reilly herself possessed. (App. 1247- App. 1248; R. Doc. 125 at 4-5); (App. 1280; R. Doc. 125 at 36) (App. 1602; R. Doc. 128 at 51).

As Daugherty's St. Louis branch's Interim Managing Director, John Wirth, and both O'Reilly and Davis' supervisor explicitly testified O'Reilly:

> had no experience and Mr. Davis had considerable experience. It's as though she would have been an entry-level attorney versus a senior experienced attorney, and we were – we were wanting to move her into the role and help her develop.

(App. 0918; R. Doc. 115-53 at 9) (emphasis added).

The evidence O'Reilly attempted to rely upon to refute Daugherty's evaluation of Davis' experience in comparison to her experience did nothing to actually refute Daugherty's evidence – instead, O'Reilly simply argues that

Appellate Case: 21-3465    Page: 35    Date Filed: 03/17/2022 Entry ID: 5137673

Daugherty should have considered some different factors (that supposedly weighed in favor of O'Reilly) than the factors it actually used. (App. 127 - App. 130; R. Doc. 126 at 23-26) (App. 133 - App. 134; R. Doc. 126 at 29-30); (App. 136; R. Doc. 126 at 32).[4] However, the "factor other than sex" affirmative defense is meant to prevent courts (and plaintiffs) from substituting their judgment for the employer's judgment (*Corning Glass Works*, 417 U.S. 188) and the fact that O'Reilly believes that Daugherty should have valued other factors over Davis' experience simply does not refute the undisputed facts which establish Daugherty's affirmative defense that any disparity between O'Reilly and Davis was based on "factors other than sex."

Because the record clearly establishes that any alleged pay disparity between O'Reilly and Davis was a result of Davis' superior experience as a Client Partner, and because O'Reilly failed to offer any competent evidence to refute this fact, Daugherty has established its affirmative defense. *See Hinton*, 2010 WL 4065270, at *4.

Because the record establishes that Daugherty is entitled to judgment as a matter of law because it successfully established the affirmative defense that any alleged pay disparity was based on factors other than sex, this Court should affirm the District Court's grant of summary judgment in Daugherty's favor.

---

[4] O'Reilly concedes that experience is one of those factors that can cause compensation to vary. (App. 0705; R. Doc. 115-49 at 14).

Appellate Case: 21-3465    Page: 36    Date Filed: 03/17/2022 Entry ID: 5137673

## <u>CONCLUSION</u>

For the above stated reasons, the District Court's October 1, 2021 Memorandum and Order, and Judgment, granting Daugherty's Motion for Summary Judgment and entering judgment in favor of Daugherty should be affirmed.

Respectfully submitted,

**HESSE MARTONE, P.C.**

By:    */s/Abigail B. Schwab*
Andrew J. Martone, #37382
Abigail B. Schwab, #61129
Willie T. McGarry, #68244
530 Maryville Centre Drive
Suite 250
St. Louis, MO 63141
(314) 862-0300 (telephone)
(314) 862-7010 (facsimile)

*Attorneys for Defendant-Appellee*
*Daugherty Systems, Inc.*

30

<u>**CERTIFICATE OF COMPLIANCE**</u>

Pursuant to F.R.A.P. 32(a)(7)(C) and 8th Cir. Rule 28A, the undersigned certifies that this Brief complies with the type-volume limitations of F.R.A.P. 32(a)(7)(B). According to the automatic word counter in the word processing software used to prepare this Brief (Microsoft Word), the number of words in this Brief is 6,969 (not including the corporate disclosure statement, table of contents, table of authorities, certificate of compliance and any addendum). This Brief was prepared using a proportionally spaced, 14-point font known as "Times New Roman."

Pursuant to 8th Cir. Rule 28(A)(h), I further certify that the Appellee's Brief has been scanned for a virus and is virus-free.


*/s/ Abigail B. Schwab*
Attorney for Appellee


Dated: March 16, 2022

## **CERTIFICATE OF FILING, SERVICE AND COSTS**

I hereby certify that on March 16, 2022, I electronically filed the foregoing Appellee's Brief with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by suing the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/Abigail B. Schwab*

Appellate Case: 21-3465   Page: 39   Date Filed: 03/17/2022 Entry ID: 5137673